UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN NAVA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C R BARD INCORPORATED, et al.,<br><br>　　　　　Defendants.<br><br>AND RELATED ACTIONS.<br>This order pertains to: ALL ACTIONS | Case No. 19-cv-05675-JST<br><br>**ORDER RE MEDICAL LITERATURE DISCOVERY** |

These related product liability cases were remanded to the undersigned from the multidistrict litigation proceeding known as *In re Bard IVC Filter Products Liability Litigation*, MDL 2641, pending in the District of Arizona. The cases concern a medical device called an inferior vena cava ("IVC") filter manufactured by defendant C.R. Bard, Inc. Plaintiffs received implants of Bard IVC filters and claim they are defective and have caused Plaintiffs to suffer serious injury or death.

Now before the Court is a discovery dispute between the parties: whether Plaintiffs should be able to take additional, non-case specific discovery regarding medical literature published since discovery closed in the MDL. Specifically, Plaintiffs "seek general discovery of Bard's knowledge of and reaction to medical studies and research regarding the safety and efficacy of Bard's and other manufacturers' IVC filters that have been published since discovery closed in the MDL on February 3, 2017." *Svedise v. C.R. Bard, Inc.,* Case No. 19-cv-5680, ECF No. 31 at 8.

Plaintiffs focus on an article entitled "A Multicenter Trial of Vena Cava Filters in Severely Injured Patients" published in the New England Journal of Medicine in July 2019.

Defendants oppose the request, arguing that "[a]ll discovery about general liability was completed in the MDL." Id. at 9. They point to Judge Campbell's Suggestion of Remand and Transfer Order, in which he states:

> Because all general fact and expert discovery has been completed in this MDL, the courts receiving these cases need not be concerned with facilitating general expert, corporate, and third-party discovery.

ECF No. 5 at 31-32.

The Court need not analyze the issue exhaustively because the parties have already litigated it in numerous transferor courts. *See Laloli v. C.R. Bard, Inc.*, Case No. 19-cv-5679, ECF No. 42-4 at 2 (listing transferor courts which have considered the issue). Suffice it to say that this Court is persuaded by the vast majority of those courts, which concluded that Judge Campbell's order means what it says and that there is no good cause to permit further non-case specific discovery on this topic. Accordingly, the Court will not allow the requested discovery, except that any new medical literature published since 2017 may be added to the reliance lists of general experts, and the general experts may expand their trial testimony from the MDL to include a discussion of such new literature. *See, e.g., Caldera v. C.R. Bard, Inc.*, Case No. CV19-4266 PHX DGC (D. Ariz.), ECF No. 8 at 1.

The Court now having ruled on the issues currently in dispute between the parties, they are ordered to submit, by January 23, 2020, a proposed scheduling order that includes specific dates. *See* ECF No. 37 at 6-7.

**IT IS SO ORDERED.**

Dated: January 16, 2020

JON S. TIGAR
United States District Judge